*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 3, 2020

**BY ECF**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    United States v. James Williams,
                S4 12 Cr. 626 (ER)
                20 Cv. 2826 (ER)

Dear Judge Ramos:

    The Government writes in response to defendant James Williams' ("the defendant") motion to vacate, pursuant to Title 28, United States Code, Section 2255, filed on April 2, 2020 (the "Motion").

    In or around August 2012, the defendant, and four co-defendants, were charged in a four-count indictment for their involvement in the robbery of a marijuana stash house in Newburgh, New York that resulted in the death of one of the individuals inside. The defendant was charged in all four counts. Count One charged the defendant with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951. Count Two charged the defendant with substantive Hobbs Act robbery, also in violation of Title 18, United States Code, Section 1951. Count Three charged the defendant with participating in a conspiracy to distribute, and possess with the intent to distribute, narcotics, in violation of Title 21, United States Code, Section 846. Count Four charged the defendant with possessing and discharging a firearm during and in relation to, and in furtherance of, a crime of violence, namely the Hobbs Act robbery conspiracy and substantive robbery charged in Counts One and Two, in violation of Title 18, United States Code, Section 924(c).

    On December 22, 2014, the defendant consented to the filing of a two-count superseding indictment. Count One charged the defendant with Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 371. Count Two charged the defendant with possessing and discharging a firearm during and in relation to, and in furtherance of, a crime of violence, namely, the robbery conspiracy charged in Count One, in violation of Title 18, United States Code, Section 924(c). Williams pled guilty to both counts pursuant to a plea agreement in which the parties stipulated to a Guidelines sentence of 180 months' imprisonment. On December 29, 2015, this Court sentenced the defendant to one-day imprisonment on Count One and 120

months on Count Two. The defendant is currently serving his sentence and is scheduled to be released on December 10, 2021.

In the Motion, Williams argues that his conviction on Count Two should be vacated because robbery conspiracy (as charged in Count One of the superseding indictment) no longer qualifies as a crime of violence and, thus, is an improper predicate for a 924(c) charge. The Government agrees. In light of the decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), the Government agrees to vacatur of Count Two and the defendant's resentencing on Count One.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: *[signature]*
Christopher J. Clore
Assistant United States Attorney
(212) 637-1063

cc: Defendant (by ECF & Mail)

---

The parties are directed to appear on September 8, 2020 at 11:00 a.m. for the resentencing of Williams.

SO ORDERED.

_[signature]_
Edgardo Ramos, U.S.D.J
Dated: Aug. 11, 2020
New York, New York