UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

JAMES WILLIAMS,

                Defendant.

**OPINION & ORDER**

12-cr-0626 (ER)

RAMOS, D.J.:

James Williams initially filed this *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on August 9, 2021 (the "2021 Motion").[1] Doc. 493. He subsequently filed another motion to vacate on October 17, 2024 (the "2024 Motion"). Doc. 575. For the reasons set forth below, his motions are DENIED.

## I.    BACKGROUND

On December 15, 2012, Mr. Williams and several other individuals, were involved in the robbery of a narcotics stash house. During the course of the robbery, Jeffrey Henry was shot and killed. Mr. Williams was subsequently charged with four counts: (1) conspiracy to commit Hobbs Act robbery; (2) Hobbs Act robbery; (3) conspiracy to distribute, and possess with the intent to distribute, narcotics; and (4) possessing and discharging a firearm, during and in relation to the crimes of violence charged in Counts One and Two.

On December 22, 2014, Mr. Williams consented to the filing of a two-count superseding information charging him with conspiracy to commit Hobbs Act robbery and possessing and discharging a firearm, during and in relation to the crimes of violence charged in count one. Mr. Williams pled guilty pursuant to a plea agreement (the "Plea

---

[1] The arguments raised by Mr. Williams in the 2021 motion were also raised in a letter motion filed on November 8, 2018, which the Government responded to on December 5, 2018. Docs. 343, 348.

Agreement"). Doc. 578 at 2. On December 29, 2015, Mr. Williams was sentenced to one-day imprisonment on count one and 120 months' imprisonment on count two, both sentences to run concurrently. Doc. 262.

Mr. Williams first filed a motion to vacate his conviction pursuant to § 2255 on April 2, 2020, arguing that Hobbs Act robbery conspiracy was no longer a proper predicate offense for a Section 924(c) charge in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). The Government agreed to a vacatur of count two and to resentencing Mr. Williams on count one, which was reduced to 60 months' imprisonment on September 11, 2020.

Mr. Williams filed a second motion to vacate his conviction on August 9, 2021, which the Court directed the Government to respond to by August 26, 2021. On August 8, 2022, the Government responded.

On August 16, 2022, Mr. Williams' supervised release was transferred to the Northern District of New York, where it terminated on January 23, 2023. Doc. 502; *see United States v. Williams*, 22-cr-284 (N.D.N.Y), Doc. 3.

Mr. Williams filed a third motion to vacate his conviction on October 17, 2024, to which the Government responded on November 7, 2024.

In his second and third motions to vacate, Mr. Williams makes three principal arguments. First, he contends that the Government failed in its duty to disclose exculpatory material regarding government informants required pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 (1963). Next, he contends that the Government failed to disclose its witness list, as required pursuant to *Brady* and the Sixth Amendment to the United States Constitution. Finally, he contends that his counsel was ineffective because they advised that he sign the Plea Agreement without fully reviewing the witness list.

II.  **LEGAL STANDARD**

　A.  **28 U.S.C § 2255**

Under 28 U.S.C. § 2255, a prisoner who was sentenced by a federal court can petition the sentencing court to be released if:  (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is subject to collateral attack.  28 U.S.C. § 2255(a).

Because collateral challenges are "in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and citation omitted).  First, "the Supreme Court has long held that ... relief [through a collateral attack] is available only when the claimed error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice' and presents 'exceptional circumstances when the need for the remedy afforded by the writ of habeas corpus is apparent.'"  *Nnebe v. United States*, 534 F.3d 87, 90 (2d Cir. 2008) ((quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Second, "[i]t is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal."  *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (internal quotation marks and citations omitted).  This rule "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  *Yick Man Mui*, 614 F.3d at 53 (citation omitted).

Third, in general, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Yick Man Mui*, 614 F.3d at 54.  However, the claims of ineffective assistance of counsel "may appropriately be raised for the first time

3

in a Section 2255 motion, 'whether or not the petitioner could have raised the claim on direct appeal.'" *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (internal citations omitted).

### B. *Pro Se* Plaintiff

Here, Mr. Williams is proceeding *pro se*. "A *pro se* litigant's papers must be construed liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Properties*, No. 20-cv-10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). At the same time, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

### C. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim requires a criminal defendant to demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," measured in accordance with "prevailing professional norms," such that he was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). When considering a claim for ineffective counsel, courts must endeavor to "eliminate the distorting effects of hindsight" and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong of the *Strickland* test requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

### III. DISCUSSION

*1. The 2021 Motion*

Mr. Williams argues that the Government failed to disclose exculpatory material that could have proved his innocence, as required under *Brady*, 373 U.S. at 83. Specifically, he argues that the Government failed to disclose "government informants" who made contradictory statements regarding whether he was involved in the robbery and provided a weapon to any participants in the robbery.

Under *Brady*, "the Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment." *United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003) (citing *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001)). To demonstrate a violation of this duty, the Petitioner must show that "(1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the Petitioner; and (3) the failure to disclose this evidence resulted in prejudice." *Coppa*, 267 F.3d at 140 (citing *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). As an initial matter, as part of the Plea Agreement, Mr. Williams waived:

> [A]ny and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to [*Brady*, 373 U.S. at 83], other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), that has not already been produced as of the date of the signing of this Agreement.

Plea Agreement at 5.

During the change of plea hearing held on December 22, 2014, the Court asked Mr. Williams on the record whether he (1) signed the Plea Agreement voluntarily and (2) understood that he was waving certain constitutional rights, including the right to hear the evidence and confront the witnesses against him. Doc. 206 at 11, 14. Mr. Williams responded "[y]es" to both questions. *Id.* This knowing waiver precludes his

*Brady* challenge. *See, e.g.*, *Ocasio v. United States*, No. 1-cv-6650 (DAB), 2004 WL 405942, at *4 (S.D.N.Y. Mar. 4, 2004) (finding that petitioner's motion to vacate his sentence on the basis that the government failed to produce exculpatory *Brady* material prior to the plea was barred by terms of the plea agreements creating a procedural bar to *Brady* claims.).

Additionally, Mr. Williams' assertion that the purported exculpatory material would show that he is innocent are contradicted by his statements at the December 22, 2014 change of plea hearing. During the hearing Mr. Williams was asked to tell the Court, in his own words, "what it was that [he] did that [made him] guilty of the … crimes to which [he was] pleading guilty." Doc. 206 at 32. In response, he stated:

> Well on … December 15, 2010 I was approached … concerning a robbery. However, I didn't fully participate in condoning the robbery *but I did allow an individual to take possession of a firearm that that firearm can be used in a robbery*, even upon me giving -- allowing this individual to take this firearm[.] … *But one weapon that I did possess, an individual did come to me and seek that weapon*. However … I left that choice up to that individual to take the weapon… *I still allowed the individual to take it, knowingly knowing that that firearm could have been used in a robbery*. That's what makes me guilty of the offense that happened.

*Id.* at 32, 33 (emphasis added). From this alone, Mr. Williams admits to being a knowing participant in the robbery, *i.e.*, knowingly providing one of the participants with a weapon for the robbery.

Accordingly, Mr. Williams' 2021 motion to vacate is denied.

2. The 2024 Motion

Mr. Williams next argues that the Government failed to provide him with their witness list prior to his guilty plea. Doc. 575 at 2. According to Mr. Williams, a witness list constitutes exculpatory material under *Brady* and the Government's failure to provide the list violates his right to confrontation under the Sixth Amendment of the United States Constitution. *Id.* at 2, 3.

    a. *Mr. Williams' Brady Arguments are Procedurally Barred*

First, Mr. Williams' motion is untimely under 28 U.S.C. § 2255(f). Section 2255(f) requires motions to be filed within one year, which shall run from the latest of, *inter alia*, (1) the date on which the judgment of conviction becomes final or (2) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. This motion was filed on October 17, 2024, nearly a decade after his guilty plea. Mr. Williams provides no valid explanation for why a collateral attack on that conviction should be considered timely.

Additionally, in *Bousley v. United States*, the Supreme Court reiterated the strict rule that to challenge the voluntariness and intelligence of his guilty plea collaterally, a habeas petitioner must first have made such a challenge on direct appeal, which Mr. Williams did not do. 523 U.S. 614, 615 (1998). Further, "[t]o pursue the defaulted claim in habeas, [a petitioner] must first demonstrate either "cause and actual prejudice … or that he is "actually innocent." *Id*. Here, Mr. Williams has not shown either.

    b. *Mr. Williams' Brady Arguments Fail on The Merits*

Even if Mr. Williams' claims weren't procedurally barred, he is incorrect in his assertion that the Government was required to produce a witness list prior to trial pursuant to *Brady* or the Sixth Amendment. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990) ("A defendant is not entitled to the Government's witness list prior to trial."). Additionally, for the reasons set forth above, Mr. Williams' *Brady* and Sixth Amendment claims in the 2024 motion are denied because Mr. Williams waived his rights to make such challenges and his allegations regarding the purported exculpatory material are contradicted by his statements during the December 22, 2014 change of plea hearing.

    c. *Mr. Williams' Ineffective Assistance of Counsel Claim is Procedurally Barred*

In his reply to the 2024 motion, Mr. Williams asserts that if defense counsel advises a client to sign a plea agreement without having reviewed "key evidence," *i.e.*,

the witness list, that could constitute ineffective assistance of counsel, as he asserts occurred here. Doc. 579 at 1. Specifically, William states that defense attorney Susan Marcus did not know of all individuals on the Government's witness list or additional incriminating witness testimony against him, when she advised him to accept the plea offer.[2] *Id.* at 2.

However, Mr. Williams' ineffective counsel claim is procedurally improper. Arguments that are first raised in a reply are not properly before the Court. *See U.S. v. Gigante,* 39 F.3d 42, 50 n. 2 (2d Cir.1994) ("[a]rguments ... may not be made for the first time in a reply brief."), vacated on other grounds and superseded in part on denial of reh'g, 94 F.3d 53 (2d Cir.1996); *Jones v. Artus*, 615 F. Supp. 2d 77, 84–85 (S.D.N.Y. 2009) ("District courts have held that habeas claims raised for the first time in a reply memorandum or traverse are not properly considered.") (citations omitted).

Even if his ineffective counsel claim was not procedurally improper, it would still fail. As discussed, the government was not required to turn over their witness list. Therefore, Mr. Williams' counsel did not act objectively unreasonably when advising that he consider the plea offer without knowledge of everyone on the list. The same is true regarding any additional incriminating testimony that Mr. Williams' counsel was purportedly not aware of. According to Mr. Williams, the fact that there was a superseding indictment in the case shows that there existed additional witness testimony that the Government intended to use against him at trial. Doc. 579 at 2, 3. However, even if true, this would not show that Mr. Williams' counsel acted objectively unreasonable when advising that he consider the plea offer. If anything, the existence of additional incriminating evidence would further support counsel's advice.

Thus, Mr. Williams' ineffective counsel claim in the 2024 motion is denied.

---

[2] As this claim was raised first in Mr. Williams' reply, the Government has not had an opportunity to respond.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Williams' motions to vacate his conviction pursuant to 28 U.S.C. § 2255 are DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Williams and to terminate the motions, Docs. 493, 498, and 575.

It is SO ORDERED.

Dated:   April 23, 2025
         New York, New York

EDGARDO RAMOS, U.S.D.J.